WELLS *v.* REARDON.

APPEAL AND ERROR—DECREE SUPPORTED BY EVIDENCE AFFIRMED—
QUESTIONS REVIEWABLE.

> Where, in a suit to establish prescriptive rights in an alley, the testimony was conflicting, and that on behalf of defendants, if believed, justified the decree dismissing the bill, it will not be disturbed on appeal nor will the Supreme Court consider the question whether the facts

as claimed by plaintiffs are sufficient to establish prescriptive rights.[1]

Appeal from superior court of Grand Rapids; Verdier (Leonard D.), J.   Submitted October 21, 1925.   (Docket No. 108.)   Decided December 22, 1925.

Bill by Harry R. Wells and another against Mary Reardon and others to establish a prescriptive right in an alley.   From a decree dismissing the bill, plaintiffs appeal.   Affirmed.

*Cornelius Hoffius* and *Dorr Kuizema,* for plaintiffs.

*Renihan & Lilly* and *Corwin & Norcross,* for defendants.

CLARK, J.   Plaintiffs, by bill, asserted prescriptive right to use an alley, and sought to have decree establishing such right and protecting it by injunction. Defendants, owners of lots abutting on the alley, contested.   The bill was dismissed.   Plaintiffs have appealed.

The block between Earl, Cherry, and Thornapple streets, as platted, in Grand Rapids, is somewhat triangular in shape, Earl street lying along the base. From Earl street east the alley extends into the block toward the apex 200 feet, having four 50-foot lots abutting on each side, lots 5, 6, 7, 8, 9, 10, 11, 12, and ending at the side of lot 4, which extends across the block from street to street.   The plat, recorded, recites that—

"The alley in the rear of lots 5, 6, 7, 8, 9, 10, 11 and 12 is private property held in common for the use of said lots and is 20 feet wide by 200 (feet) long."

Plaintiffs, for about 20 years, have owned a part

---

[1]Appeal and Error, 4 C. J. § 2870.

of lot 4, including the part that adjoins the easterly end of the alley. It may be said that for practically all of this time they have resided on the property. It is their claim that during the first 15 years, approximately, there was a gate or gates at such end of the alley; that they used the alley freely, frequently as a foot path, as a way for horses and vehicles, as a way of ingress and egress, and that during the last 5 years, or nearly so, there was no gate, the way was open; that they used it just as freely as before, and that lately they built a garage on their lot, near and facing the end of the alley. Their testimony to such effect is supported by the testimony of a large number of witnesses, many of them disinterested.

Defendants, on the other hand, claimed and testified that, during such first period, there was no gate at the said end of the alley; that there was a fence; that the fence along the west side of lot 4 stood and was maintained across such end of the alley; and they contradicted plaintiffs' showing of use of the alley. Defendants likewise are supported by the testimony of a large number of witnesses, many of them disinterested. This sharp conflict in testimony was passed on by the trial judge. He found with defendants. If the facts are as claimed by defendants, it is hardly necessary to say that plaintiffs have no case. We have read the record carefully. The trial judge had the advantage of seeing these witnesses and hearing their testimony. We are not persuaded that his conclusion should be disturbed. It is therefore not required that we consider the question, well briefed by counsel, of whether the facts as claimed by plaintiffs are sufficient to establish prescriptive right.

Decree affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.